******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FLYNN, J., concurring in part and dissenting in part. I concur with the majority in affirming all of the judgment with the exception of the award of $150,000 in punitive damages against both counterclaim defendants, which the trial court found justified by the counterclaim defendants' reckless conduct. A person acts recklessly with respect to a result when he is aware of and consciously disregards a substantial and unjustifiable risk that such a result will occur. *Ulbrich* v. *Groth*, 310 Conn 375, 447, 78 A.3d 76 (2013). The purpose of an award of punitive damages is to deter a defendant and others from similar conduct, without financially destroying the defendant. Id., 454. The trial court has wide discretion in determining whether to award punitive damages and in determining their amount. However, the record does not support a finding that the counterclaim defendants Luongo Construction and Development LLC or Michael Luongo individually were aware that a substantial risk existed that the unsatisfactory results of construction and losses to the counterclaimant, James MacFarlane, would occur as a result of the manner of construction and the LLC's incomplete compliance with General Statutes § 20-417d. Accordingly, I would reverse that part of the judgment awarding $150,000 in punitive damages.